Law Library

# IN THE SUPERIOR COURT
## OF GUAM

THE PEOPLE OF GUAM,

v.

GREGORIO CONCEPCION BORJA, JR.,

Defendant.

CRIMINAL CASE No. CM 1297-11

**DECISION AND ORDER**
On Defendant's
Motion for Reconsideration
of Decision & Order

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on September 12, 2012 on Defendant's Motion for Reconsideration of Motion for the Dismissal of the Complaint. The People of Guam were represented by Assistant Attorney General James Collins. The Defendant was represented by Assistant Public Defender Maria Fitzpatrick. Having reviewed the memorandum and papers presented, the court now issues the following decision DENYING the Defendant's Motion for Reconsideration.

## FACTUAL HISTORY

The Defendant is charged with four counts of misdemeanor *Assault* for acts alleged to have occurred on June 29, 2011. On March 26, 2012 the Defendant filed a Motion to Dismiss the complaint arguing that his right to prompt arraignment had been violated. The People timely filed an opposition and on June 29, 2012 this Court issued a Decision and Order denying the Defendant's Motion to Dismiss.

The Defendant has now filed a Motion for Reconsideration arguing that clear error was committed in the Court's previous Decision and Order. The Defendant specifically argues: (1)

that "there was no reason that the first appearance had to be held 58 days after the complaint was filed," (2) that "The Court committed clear error in finding that defendant requested a continuance of 30 days," and (3) that the Decision and Order "conflicts with this Court's Decision and Order in *People v. Karson K. Harper* CM 380-09." The Court disagrees with each of these statements. Furthermore, because the Defendant has not met the standard for reconsideration the Court now denies the Defendant's motion.

## DISCUSSION

The Defendant has been charged with four counts of misdemeanor *Assault*, for an alleged incident that occurred on June 29, 2011. After asserting his right to speedy trial, the Defendant made a motion to dismiss his case for violation of his right to prompt arraignment. The Court issued a Decision and Order denying the motion on June 29, 2012. In that Decision and Order the Court held that the Defendant's right to prompt arraignment had not been violated as the People had demonstrated good cause for the brief delay.

The Defendant has now filed a Motion for Reconsideration of the Court's June 29, 2012 Decision and Order. In his motion the Defendant argues: (1) that the Court should have scheduled his first appearance closer to the date on which the complaint was filed, (2) that the court erroneously determined that he asked for a continuance at his first appearance, and (3) that the Court's Decision and Order conflicts with a decision previously issued by the same court. The Defendant presents no new evidence to supports his claims.

A Motion for Reconsideration serves a limited purpose as it is not an appeal. Federal law restricts reconsideration to those motions that present "compelling reasons,' such as a change in the law which reveals that an earlier ruling was erroneous." *U.S. v. Dupree*, 617 F.3d 724, 732 (3rd Cir. 2010). This is because a motion for reconsideration does not exist to "secure a rehearing

on the merits with regard to issues already decided." *U.S. v. Demosthene*, 326 F.Supp.2d 531, 534 (S.D.N.Y. 2004). Guam law follows similar logic by making explicit the fact that, "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Super. Ct. of Guam Local Rule CVR 7.1 (i).

All of the evidence currently presented by the Defendant was previously available to the Court when it issued the June 29, 2012 Decision and Order. The Defendant's initial arraignment was timely held. In *People v. Rasauo* ('*Rasauo II*') the Supreme Court established a bright line rule that a Defendant must be arraigned within sixty days of the filing of the complaint. 2011 Guam 14. The complaint against the Defendant was filed on December 28, 2011, a summons was issued on January 4, 2012, and the initial arraignment was held on February 15, 2012. The initial arraignment date of February 15, 2012 was within the sixty day deadline established by *Rasauo II*.

The Court has already determined that when the Defendant's initial arraignment was rescheduled, it was done for good cause. The second hearing, where the Defendant was formally arraigned, was held beyond the sixty day *Rasauo II* deadline. To be specific, the Defendant was arraigned seventy-seven days after the filing of the complaint. However, the Supreme Court made clear that an arraignment could be held beyond sixty days where good cause for the delay is demonstrated. *Id.* at ¶14. The Defendant attended his initial appearance without counsel, the court rescheduled the hearing so that the Defendant could obtain legal counsel, and the Defendant consented to the modified arraignment schedule offered by the Court. The seventeen day delay beyond the *Rasauo II* deadline was made with the Defendant's consent and for the Defendant's benefit.

The Court did not find that the Defendant requested a thirty day continuance. In the Decision and Order issued on June 29, 2012 the Court held that "the Defendant implicitly waived his right to a prompt arraignment." The Court's decision was supported by Supreme Court precedent. Specifically that, "A defendant's consent to a postponement may be implied by the failure of defense counsel *or defendant* to object at the time the trial is postponed outside the statutory period." *Quinata v. Superior Court of Guam*, 2010 Guam 8 ¶30 (emphasis added). At the initial arraignment hearing the Defendant did not object to the Court's rescheduling of his arraignment so that he might obtain legal counsel.

In *People v. Harper* this Court held that the primary reason for the delay in the defendant's prompt arraignment was the defendant's failure to appear. Because the delay was attributable to the actions of the defendant, this Court held that his right to prompt arraignment had not been violated. CM0380-09. The Defendant now argues that the June 29, 2012 Decision and Order is in conflict with the Court's holding in *People v. Harper*. The Court disagrees and finds that the holding in *Harper* is compatible with previous and current holding in the Defendant's case. Much as the delay in *Harper* was attributable to the defendant, the delay in the present case was undertaken with the Defendant's consent and for his benefit so that he might obtain legal counsel.

**CONCLUSION**

Based on the foregoing, the Court finds that the Defendant has not met the standard for reconsideration established by Guam law. Accordingly, the court DENIES the Defendant's Motion for Reconsideration. Further Proceedings are set for _Dec 21_ 2012 at 9am.

SO ORDERED, this _17_ day of December 2012.



_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

DEC 1 7 2012

Glenna J. Mantilla
Deputy Clerk, Superior Court of Guam